Lipscomb, J.
In this case we cannot perceive that there is anything substantial in tlie appellant’s objection to the manner in which tlie judgment and decree of a former suit between the same parties was presented to the court. The appellant had referred to and sufficiently designated the former proceeding between the same parties and It was for tlie same subject-matter, but averred that the decree was under an agreement of the parties, and that it was spread upon tlie record; that the injunction was to restrain the appellant for ten years; that this judgment was rendered at the April Term, 1839, of tlie District Court of Bexar county. The defendants set this judgment up as a bar •to the plaintiff’s action. It is true that it was not as formally pleaded as it *129 would or should have been if the plaintiff had not referred to it in his petition. We believe. under such circumstances, it was well pleaded, and that the record of the former suit was properly admitted in evidence under it.
The plaintiff alleges in his petition that the agreement of tiie parties was spread upon (lie record, and that any decree not following- the agreement was obtained by fraud and bribery. We believe that the decree does substantially conform to the agreement upon the record; and there was no evidence offered to prove that it was procured by fraud and bribery. The following is the only agreement spread upon the record11 It is agreed by the parties that the jury “ be withdrawn and the whole matter submitted to tiie determination of the “ court for the perpetuation of the injunction, and that tiie defendant Neill “shall remove immediately from the‘possession of the property.”
The decree then proceeds: “Whereupon the case came on to be heard on “the petition, general demurrer, joinder in demurrer, and answer to the petition, and it being fully proved by many witnesses, among the oldest citizens “in the country, that the plaintiffs nud those tin-ougb whom they claim, have “been in the peaceable and uninterrupted possession of the laud in contest “and described in the plaintiffs’ petition upwards of forty j-ears, by virtue of “a grant, from tiie old Spanish government, and which has been continued “ down by various governmental orders, concessions, and surveys to the present' “time, and which is admitted by the terms of tiie demurrer which was over- “ ruled, as will appear by reference to the record and the exhibits in this ease. “ and the testimony adduced, and therefore, the court being fully advised of “and concerning the premises, from tbe examination thereof and tiie law aris- “ ing thereupon, from the argument of counsel on both sides, do order, adjudge, “and decree, that the plaintiffs have full and absolute rights to their property “in contest, to enjoy the absolute and uninterrupted and peaceable enjoyment “of the same, without any further intrusion by the said defendant; that defendant he enjoined according to the terms of plaintiffs’ petition, and “that tiie defendant Neill, who is on the premises, be required to remove im- “ mediately therefrom, and that the plaintiffs recover of tiie defendant full “costs of suit, and that execution issue for the same, and tiie defendant go “ hence,” &e. It was, in the argument, contended by the counsel for appellant that this was a decree for a temporary injunction only, to enable the present defendants, who were plaintiffs in tiie former suit, to procure their evidence, of title from Mexico, and that it was intended to continue for ten years ouly. We find nothing in the record about ten years, nor anything to sustain the'argnment of couusel that tiie decree was temporary only and did not adjudicate the respective rights of the litigants. The petition does pray an injunction to give them time to obtain their titles or evidence of title from Mexico, hut further'prays that, upon their proving and pleading such title, a perpetual injunction he decreed. The injunction was granted without, any specific time for its continuance, and the presumption is that it effected (lie object for which it had been asked, for they afterwards went into trial of the case, and a jury bad been impaneled to try the case, when, by agreement of parties, it was taken from the jury and submitted to the, judge, which submission resulted in tiie decree recited. It will also be seen that by tbe agreement as spread upon tbe record of tbe case tbe question of perpetuating the injunction was explicitly submitted to the court.
Another objection taken to the decree is, that it was in violation of tiie Constitution, and took away tiie right of trial h.v jury. That parties could not he allowed to waive a privilege, and by consent submit the case to the judge instead of tiie jury, is a proposition so entirely repugnant to the constant practice in our courts since tbe first organization of the. government, that it would be reluctantly assented to, even if it had never been denied by the practice of other courts and tiie opinions of eminent jurists. Tiie frequent practice in* common-law courts of agreeing upon the facts and submitting the case, as if found on special verdict,'to the decision of the judge, .fe-.evidence that a>. *130 jury is not indispensable in finding the facts; nor is it different when the parties, after the introduction of the evidence, agree, mutually, that the judge shall pass upon both the facts and the law of the case. The trial by jury is a privilege secured to either party in the ascertainment of facts; but it is not forbidden to them to renounce the privilege. Mr. Justice Lumpkin, in delivering the opinion of the Supreme Court of Georgia, in the case of the Flint River Steamboat Company v. Foster, (5 Kelly 208.) says : “Besides, trial by “jury is a privilege which may be waived. For an act to be unconstitutional, “ it must prohibit or take away this trial where it was heretofore used. An act “which merely authorized a judgment by default to be rendered without the “intervention of a jury is not on that account unconstitutional; more especially when it guaranties this right ultimately, as in this case. If the party, “ therefore, docs not demand an issue anti trial by jury, what right has ho to “complain?.” (1 Wash. Virg. R., 356.) We believe that the former judgment was rendered by a court of competent jurisdiction; that it was between the same parlies as the present suit; and that it put in litigation the same matters now sought to be again litigated in this case; and that it is a bar to the present action. (See Sutherland v. De Leon, 1 Tex. R., 250; Houston v. Yates, 2 Tex. R., 433; Foster v. Wells, 4 Tex. R., 101; Weathered v. Mays, Id., 387; Lynch v. Baxter and Wife, Id., 431. (Note 43.)
Note 43. — Lee and Wife v. Kingsbury, 13 T., 68; Bowers v. Chaney, 21 T., 363 j Baxter v. Dear, 24 T., 17j Thouvenin v. Rodrigues, 24 T., 4G8; Webb v. Mallard, 27 T., 80; Chilson v. Reeves, 29 T., 275.
Judgment affirmed.