T. W. MARKHAM, SPECIAL GUARDIAN OF IRENE ROUNTREE, v. THOMAS CAROTHERS, ADM'R.

1. DISCLAIMER—PARTIES—WITNESS.—A defendant sued for land, who disclaims, when there is no further controversy as to him, is not thereafter such a party in subsequent proceedings between the plaintiff and an intervenor claiming the land, that he would be prohibited from testifying to the transactions with plaintiff's intestate, under Paschal's Dig., 6826, 6827, allowing parties to testify, &c.

2. STATUTORY CONSTRUCTION.—Exceptions to the statutory rule, (Paschal's Dig., 6826, 6827,) that a witness shall not be excluded because he is a party to or interested in the issues tried, will not be extended by construction.

3. PRACTICE—BURDEN OF PROOF.—Where the defendant has the affirmative of the issue on trial, he has the right to introduce in evidence, in rebuttal, anything which is in direct answer to that produced on the part of the other party.

4. SAME.—In this State, the usual practice has been that "the party is only required to make a *prima facie* case in opening, and may reserve confirmatory proof in support of the very points made in the opening, till he finds on what points his opening case is attacked, and then fortify it on these points."

5. FACT CASE.—See case where evidence of testimony in rebuttal was erroneously excluded.

6. TRUST—PAROL EVIDENCE—CERTAINTY.—While it is true that a parol trust in lands must be established with clearness and certainty, it is questionable whether it be correct to indicate that certainty of proof as "meaning that the trust should be established with clearness, beyond a reasonable doubt."

7. CHARGE.—It is error to charge upon an issue not made by the pleadings. See instance of such error.

ERROR from Walker. Tried below before the Hon. J. R. Burnett.

This suit was commenced on the 21st April, 1868, by the legal representative of Thomas Carothers, deceased, to recover the title and possession of a house and lot in the town of Huntsville. J. M. Rountree and J. W. Bowden, being in possession, were made defendants.

At the November Term, 1868, Rountree and Bowden appeared and disclaimed title in themselves, and at the same term J. W. Bowden, as guardian of Irene Rountree, intervened and claimed title to one half the property sued for, in right of his ward, and averred that her father, J. M. Rountree, paid one half the purchase-money out of funds belonging to her, and that Carothers in his lifetime held it in trust for her.

At the November Term, 1869, Bowden, as guardian of Irene, amended his answer, and set up more fully how the fund was derived, which was invested in said house and lot, and that it was derived from the separate estate of her deceased mother; that one half the purchase-money paid for the property, to wit, $2,500, was hers, and was invested in it by her father, for her benefit, and that although the deed to it was taken in the name of Carothers, it was so taken with the express agreement that one half interest in it was held by him in trust for her, the said Irene, and that the testator of defendant in error, acknowleged her right to one half of the property, and signified his willingness to make title to her,

and prayed for a decree compelling defendant in error to make title, &c.

At the March Term, 1874, Bowden's death was suggested; T. W. Markham was appointed special guardian of Irene, and amended the answer further, by averring that in right of his ward, she inherited a large sum of money and personal property; that it all went into the possession of her father, J. M. Rountree; that he held it in trust for her, and appropriated most of it to his own use after the death of her mother; and that to reimburse her for her interest in her mother's estate, he invested $2,500 of it in the house and lot in controversy, for her use and benefit, in discharge of so much of his obligations to her; that Carothers in his lifetime well knew the facts, and always admitted them, and her right to one half the property; and that if the purchase was not made with her funds, that it was a provision made for her by her father, by way of advancement, of which Carothers in his lifetime had notice, and agreed to hold for her. At the same term, the former administrator of Carothers was removed, and B. Eastham appointed instead, who by replication denied all the allegations of the answers.

On the trial, after the plaintiff had closed his evidence in chief, and after the defendant had examined several witnesses in support of the matters pleaded in his answer, it was announced for defendant, "that he had closed his evidence for the present;" and thereupon plaintiff, F. D. Thornton, testified in his behalf, and also read the will of Thomas Carothers, in evidence, and other testimony, to show title to the whole of the house and lot in controversy. The defendant called J. M. Rountree (one of the original defendants) as a witness, who was sworn, for the purpose of disproving the title set up by the plaintiff, and to show that one half interest therein was held by Carothers in trust for said intervenor, when plaintiff objected to the witness being allowed to testify, on the ground "that the defendant having closed the evidence in said case," he could not be allowed to examine the witness for the pur-

pose aforesaid, and also because he was not a competent witness; which objections were sustained, for the reason "the evidence offered was not rebuttal evidence, even admitting the witness to be competent."

There was much and conflicting testimony. The court instructed the jury, after stating the case:

"The deed read in evidence by plaintiff, from L. C. Rountree to Carothers, vested the legal title to the property in Carothers, but it is competent for the intervenor to show by verbal evidence, that, although the deed was taken in the name of Carothers, yet in fact J. M. Rountree, at the time, furnished half the purchase money, and part of the property was to be paid or given to his daughter (intervenor) in consideration of money or property of hers used by him, or as an advancement to her; and in such case, Carothers would hold half the property in trust for the intervenor. " But to establish a trust in intervenor's favor, the law requires that the evidence must be clear and satisfactory, and such as could be reasonably attainable under the circumstances of the case. The legal title being in Carothers's estate, a verbal trust, to be enforced, must be established with clearness and certainty; for otherwise, men would have no security that contracts would stand after they had been reduced to writing with the greatest consideration and solemnity. (Cuney *v.* Dupree, 21 Tex., 219.) But if the evidence, with clearness and certainty, shows a trust in intervenor's favor, she is entitled to have it enforced under the law. By clearness and certainty, as above charged, is not meant absolute certainty, but the trust should be established with clearness and beyond a reasonable doubt."

The court further charged, that if Rountree paid half the purchase-money, but did so to defraud his creditors, &c., the jury should find for plaintiff.

The jury returned a verdict for the plaintiff, on which judgment was rendered. The defendant brought the case by writ of error to this court. The additional facts necessary to an understanding of the case are given in the opinion.

*J. M. Maxey,* for plaintiff in error, cited Cuney *v.* Dupree, 21 Tex., 216; Browne on Frauds, secs. 84, 85, 91, 92; Story on Eq., sec. 1201, and note; Tarpley *v.* Poage, 2 Tex., 139; Portis *v.* Hill, 14 Tex., 69; Smith *v.* Strahan, 16 Tex., 314; Bailey *v.* Harris, 19 Tex., 108; Botsford *v.* Burr, 2 John. Ch., 405; 2 Wash. on Real Pr., 445; Wilson *v.* Trawick, 10 Tex., 428; Cobb *v.* Norwood, 11 Tex., 561; Avery *v.* Avery, 12 Tex., 54; Cook *v.* Tullis, 18 Wall., 332; Long *v.* Steiger, 8 Tex., 462; Gamage *v.* Trawick, 19 Tex., 64; Cummins *v.* Rice, 19 Tex.. 226; Luckett *v.* Townsend, 3 Tex., 119; Austin *v.* Talk, 20 Tex., 167; 1 Gra. & Wat. on New Trials, 27.

*L. A. Abercrombie,* and *Randolph & McKinney,* cited 1 Greenl. Ev., sec. 469, and note; 3 Chitty's Gen. Pr., 908, Hopkins *v.* Clark, 20 Tex., 64; Miller *v.* Thatcher, 9 Tex., 482; Mead *v.* Randolph, 8 Tex., 191; McClenny *v.* Floyd, 10 Tex., 159; Grooms *v.* Rust, 27 Tex., 234; Lambert *v.* Weir, 27 Tex., 359; Griffin *v.* Chubb, 7 Tex., 612; DeWitt *v.* Miller, 9 Tex., 239; Williams *v.* Warnell, 28 Tex., 612.

GOULD, ASSOCIATE JUSTICE.—It appears, by the bill of exceptions, that the court excluded the testimony of J. M. Rountree on the ground that his competency was questionable, and on the further ground that the evidence offered was not evidence in rebuttal. We are of opinion that neither of these grounds are maintainable.

After his disclaimer, J. M. Rountree was not treated as a party to the suit, which thereafter proceeded to trial as a suit by the administrator of Carothers's estate against Irene Rountree. As he was not a party to an action by or against an executor, administrator, or guardian, he was not prohibited by the statute from testifying as to transactions with the deceased. (Paschal's Dig., arts. 6826, 6827.) We have heretofore held that the exceptions to the rule, that a witness shall not be excluded because he is a party to or interested in the issues

tried, will not be extended by construction. (Roberts *v.* Yarboro, 41 Tex., 449.)

In regard to the other ground, that the evidence offered was not in rebuttal, it is to be observed, that whilst the case stood on the docket as one in which the administrator was plaintiff, that on the issues made by the pleadings, the defendant had the affirmative, and was entitled to the advantages of that position. Her answer or plea of intervention admitted that the legal title was in the estate, but claimed that to the extent of one half interest, this legal title was held in trust for Irene Rountree. Under these pleadings, the plaintiff was not called on to prove his title. His case was made out by the admissions of the defendant, and the issue to be tried was, as to the existence or non-existence of the trust alleged by her. The burden of proving that trust was on defendant.

In this attitude of the case, the defendant introduced evidence that the purchase-money, in consideration for which the property was conveyed to Carothers, was paid by J. M. Rountree, and the deed made to Carothers at his request; and evidence of three witnesses, of admissions made by Carothers, that one half of the property had been paid for with the money of Irene Rountree, and belonged to her— two of the witnesses testifying to his anxiety on his death bed to make her a deed thereto.

The defendant having announced that he closed his testimony for the present, the plaintiff introduced witnesses who were also with Carothers during a part of the period of his last illness, and the purport of whose testimony is to weaken and discredit the evidence as to Carothers's admissions of the trust. One of the defendant's witnesses had testified that Dr. Markham was present when Carothers made such admissions, but Markham failed to corroborate his testimony. Amongst other things, a paper purporting to be the last will of Carothers, executed during his last illness, but which was refused probate because the subscribing witnesses were

legatees, was introduced, in which occurs the following: "I own the Rountree brick store; to my niece, Emma Briscol, now Mrs. Nixon, I give that house and lot. This I do out of pure affection."

The defendant introduced J. M. Rountree, (not introduced before,) who testified that he, himself, paid one half the purchase-money of said house and lot, and whose testimony was further offered to prove that one half of said house and lot was paid for, the title taken in the name of Carothers, for the use and benefit of said Irene. The purport of the testimony offered and excluded, was to strengthen the evidence originally introduced as to the trust.

This additional testimony was rendered proper by the effort of the plaintiff to discredit the statements of the witnesses originally introduced. Such additional testimony was a "direct answer" to that produced on the part of the plaintiff; and the rule is said to be "that anything may be given in evidence in reply, which is a direct answer to that produced on the part of the defendant." (Scott *v.* Woodward, 2 McCord., 161; Bouvier's Law Dic., Title REBUTTAL.)

Tested by this rule, the evidence offered was evidence in rebuttal. In holding that it was not, we think the court overlooked the fact that the defendant had the affirmative of the issue. It is to be observed that the exclusion is not placed by the court on the ground that the defendant ought, in the outset, to have put his entire case in evidence. It is believed that in this State the usual practice has been as indicated by Mr. Greenleaf in the following extract: "In some of the States the party is only required to make a *prima facie* case in the opening, and may reserve confirmatory proof in support of the very points made in the opening, till he finds on what points his opening case is attacked, and then fortify it upon those points." (1 Greenleaf, Redf. ed., sec. 469a.)

We recognize the rule that in regard to the time and manner of the introduction of testimony, much is left to the discretion of the presiding judge; but as the evidence in this

Syllabus.

case was excluded, not because the presiding judge held that in fairness it should have been introduced before, but on legal grounds, which are untenable, we hold that its exclusion was erroneous.

As this error requires a reversal of the cause, it is not proposed to consider the charge of the court further than may be necessary to indicate our views of the law. In so far as the jury were instructed that a verbal trust in lands must be established with clearness and certainty, the charge was correct and appropriate. The principle involved is one of the first importance to the stability and certainty of titles, and it is a principle which it is the duty of the court to enforce by granting new trials, where it has been disregarded by juries. But it may be questioned whether, in defining clearness and certainty as meaning that the "trust should be established beyond a reasonable doubt," the court did not use an expression so familiar to the criminal law as to make it inappropriate, and liable to be misunderstood in the connection used. (Cuney *v.* Dupree, 21 Tex., 218; 1 Lead. Cases in Eq., 194, 201, and references.)

Under the pleadings, there was no issue as to the intent of J. M. Rountree to hinder or defraud his creditors in causing the deed to be made in the name of Carothers; and the court should not have given any charge on that subject. (Cuney *v.* Dupree, 21 Tex., 218.) Whether the court erred in the substance of the charges given and refused on this subject, is a question on which, in the present attitude of the case, we do not feel called upon to pass.

REVERSED AND REMANDED.