### JOHN HICKS v. J. M. PATTERSON.

(No. 1171, Op. Book No. 1, p. 750.)

APPEAL from Dallas County.    Opinion by ECTOR, P. J.

§ **349.** *Alteration; plea of non est factum; evidence of transaction with party since deceased.* Having pleaded *non est factum*, defendant proposed to prove by himself and his wife that, since its execution, the note had been changed and altered, both as to date and also by the insertion of the word "gold" in the body of the note. Objection to this evidence was made and sustained upon the ground that defendant and his wife were incompetent

witnesses, the contract sued on having been made between defendant and a partner of plaintiff, who had subsequently died. *Held,* that the statute [2 Pas. Dig. arts. 6826, 6827] did not apply. The testimony of the wife was not objected to, because she was the wife; if so, her testimony would be inadmissible under the statute, not, indeed, on the ground of interest alone, but upon grounds of public policy as well as of interest. [Gee v. Scott, 48 Tex. 510.]

Whether the wife was or not, appellant himself was a competent witness, for, though the partner was dead, the suit was not an action by or against an executor, administrator or guardian, and the inhibition of the statute in this regard did not apply.

The exception to the rule that a witness shall not be excluded because he is a party to or interested in the issue tried, will not be extended by construction. [Roberts v. Yarboro, 41 Tex. 449; Markham v. Carothers, 47 Tex. 21.]

April 26, 1879.                    Reversed and remanded.