## EMMA H. MAHAN v. AARON WOLF.

(Case No. 5042.)

1. EVIDENCE.— The plaintiff in opening his case is not bound to do more than introduce enough evidence to make a *prima facie* case for recovery; he may strengthen his case by other evidence after it has been attacked by his adversary. Hence, when, in a case of trespass to try title, after the defendant, whose deed had been attacked as a forgery, had made a *prima facie* case of its genuineness, and the plaintiff had introduced evidence in rebuttal, showing that the grantor in the deed was not at the place where it purported to bear date at that time, the defendant was properly permitted to show by other witnesses that the grantor was at that place at the time the deed bore date, and to strengthen his case by other evidence. Such practice is not violative of rule 31 of the district courts.

ERROR from Williamson. Tried below before .the Hon. J. W. Robertson, special judge.

*Carleton & Morris*, for plaintiff in error.

*Thos. P. Hughes*, for defendant in error.

WILLIE, CHIEF JUSTICE.— Only the second, third and fifth assign-. ments of error are insisted upon for a reversal of this cause. The second assignment relates to the action of the court in allowing the defendant below to introduce evidence after the plaintiff had concluded her testimony. The sole question in the case was as to whether or not a deed signed P. Jenks Mahan, and purporting to have been executed by him, was the genuine act and deed of said Mahan or a forgery. This deed, if genuine, passed title in the land certificate upon which the patent to the land issued out of Mahan, under whom the plaintiff claimed as devisee, and conveyed it to one Matthew Kavanagh, under whom the defendant claimed by mesne conveyances. The plaintiff had shown by her evidence a perfect title under the will of Mahan, who had been her husband, and had filed an affidavit to the effect that she believed the purported deed to Kavanagh to be a forgery. This threw the burden of proving its genuineness upon the defendant. He introduced the testimony of several witnesses, who professed to be acquainted with the handwriting of Mahan as well as of A. P. Thompson, whose name appeared as a witness to the instrument, and who purported to have authenticated it as notary public. These witnesses all concurred in proving the genuineness of the deed, and some of them stated that Mahan was in Houston about the time when the deed bore date, that city being his residence.

The plaintiff then produced witnesses to prove that the signatures to the deed were not those of Mahan and Thompson, and that the former was absent from Houston (where the deed purported to have been executed) at the date of the instrument, and then closed. Defendant then offered evidence attacking the veracity of two of plaintiff's witnesses, additional proof of the handwriting of Mahan and Thompson, and of the presence of Mahan in Houston at the date of the conveyance. To the introduction of this evidence the plaintiff objected, because it was not in rebuttal but merely cumulative of defendant's previous testimony, and because defendant had not the right to close the case, not having obtained the privilege under rule 31 of the district courts. The court overruled the objection and admitted the testimony, and in this we think there was no error.

So far as the impeaching evidence was concerned, that was clearly in rebuttal, and could not have been introduced before the witnesses sought to be impeached had themselves testified. But this and the other evidence to which objection was made were but confirmatory proof in support of the points made by the defendant in opening his testimony to the jury. It has been held by this court, adopting the rule laid down in Greenl. on Ev., sec. 469*a*, that this is permissible, the party offering it not being bound to make out more than a *prima facie* case in opening, and being allowed to strengthen it by other evidence after his case has been attacked by his adversary. Markham *v.* Carothers, 47 Tex., 21.

In the case cited the judgment was reversed because confirmatory testimony was excluded, although merely cumulative in its character, and notwithstanding it is generally within the discretion of the court to admit testimony out of its proper time. In this case the proof was admitted, and the action of the court might be justified as the exercise of a discretion allowed it in all such cases, if the ruling were not, as we have seen that it is, expressly authorized by law.

Rule 31 of the district courts does not change the law in this respect. It gives the plaintiff the right to open and conclude the evidence, unless the defendant enters certain admissions of record. But it does not thereby give him the privilege of stopping the case at any stage of the proceedings he may choose, by merely declining to offer further proof, and of thus depriving the defendant of valuable evidence which he is entitled to introduce under the rules of law.

The plaintiff might still have enjoyed the privilege of closing the case after the evidence objected to had been heard, if she had other proof to offer, and neither the defendant nor the court proposed to deprive her of that right. It may be added that, as to the question of forgery, the burden of proof was upon the defendant. He opened the evidence upon that subject, the plaintiff not claiming the right to do so, and his right to close followed as a legal consequence, leaving to the plaintiff the right to close upon the whole case, which had been opened by her.

The charges of the court referred to in the third and fifth assignments of error were fully authorized by the issue between the parties. That issue, as we have seen, was whether the deed from Mahan to Kavanagh was a genuine or a forged instrument. This issue was made by the plaintiff's affidavit, and all the evidence controverted on the trial tended to prove, on the one side, that it was

the act of Mahan, and on the other that it was forged. Under the evidence the court could submit no other issue to the jury, and the charge placed this issue before them in a fair and proper manner. There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered May 2, 1884.]