## J. W. STITT, TRUSTEE, v. SALLIE STONE ET AL.

Decided June 22, 1907.

**Bankruptcy—Preferred Creditor—Fraud.**

A merchant, being indebted to his mother, conveyed to her his real estate in part payment of such indebtedness, and about the same time, with the knowledge and consent of his mother, sold out his stock of merchandise at grossly inadequate prices and turned over the proceeds to his mother in further payment of his indebtedness to her. Held, that the sale of the real estate was tainted with the fraud in the sale of the merchandise, and was void as to other creditors. A debtor can not lawfully prefer one creditor by sacrificing, with the knowledge and consent of such creditor, a large part of his available assets in order that a small amount may be paid to such creditor.

Appeal from the District Court of Deaf Smith County. Tried below before Hon. Ira Webster.

*N. J. Wade,* for appellant.

Where two defendants are charged with a conspiracy to defraud, the conduct, statements and admissions of either one of them with reference to the particular fraudulent transaction are admissible in evidence against the other whether he was present or not when the same· were made. The law regards them as agents of each other. Tuttle v. Turner, 28 Texas, 759; Coffin v. Varila, 8 Texas Civ. App., 420; Hardy v. DeLeon, 5 Texas, 211; Davis v. Keene, 23 Me., 69.

A sale or transfer of property or money by an insolvent debtor to one of his creditors, with intent of defrauding his other creditors, is invalid, if the creditor thus paid or secured participates in the debtors fraudulent intent, or has knowledge of such facts as would put a reasonably prudent person upon inquiry, though the claim paid or secured is a bona fide debt. Mixon v. Symonds, 2 Texas Civ. App., 630; Willis v. Yates, 12 S. W. Rep., 232; Weisiger v. Chisholm, 28 Texas, 790; Koch v. Bruce, 20 Texas Civ. App., 636; Seligson v. Brown, 61 Texas, 182.

The law will presume a partnership where mother and son who have always lived together, the son being mentally afflicted and practically without capital, embark into a mercantile business, principally upon money furnished by the mother, where no note is given by the son to the mother and he does not regard her as a creditor, and it is understood she is to will him all her property at death, although the business is carried on in the son's name individually and the parties disclaim the relation of partners. Rahl v. Parlin, 64 S. W. Rep., 1007; Brinkley v. Harkins, 48 Texas, 225; Cothran v. Marmaduke, 60 Texas, 372; Stevens v. Gainesville Bank, 62 Texas, 503; Cleveland v. Anderson, 2 Texas App. Civ., 138; Brown v. Watson, 72 Texas, 223; Dilley v. Abright, 48 S. W. Rep., 548.

*John P. Slaton* and *Wilson, Dalton & Wilson,* for appellee.—The declarations of a grantor after sale are not admissible to impeach the title of the vendee; and the statements of persons charged with conspiracy are not admissible against each other, if made when the other is absent, if made after the conspiracy, if any, is closed. Luther

v. Rose, 20 Texas, 648; Harrison v. Hawley, 7 Texas Civ. App., 308. Also authorities collated in 1 Buckler's Civil Digest, p. 827, sec. 272.

A person can prefer a creditor and sell him any or all of his property to pay a debt, so that the creditor takes no more than enough to satisfy the debt, and this is not fraudulent though the debtor by so doing aimed to hinder, delay and defraud his other creditors and such intention was known to the purchaser, and a charge embodying the above proposition is not erroneous and especially is it so where the fraud complained of was that the transfer was made with the understanding that the vendee should hold the property in trust for the debtor, and they were partners and the law in regard to this phase of the case was fully given by the court. Ellis v. Valentine, 65 Texas, 547; Lewy v. Fischl, 65 Texas, 311; Owens v. Clark, 78 Texas, 547; Haas v. Kraus, 86 Texas, 687; 58 Texas, 306; Martin Brown Co. v. City Natl. Bank, 41 S. W. Rep., 524; Head v. Brocht, 40 S. W. Rep., 630; Traders' Bank v. Day, 27 S. W. Rep., 264.

To render the transfer fraudulent there must be some reservation of an interest in the property itself and must be a substantial interest, and a verbal promise by the grantee to will it to grantor at the parties' death is no such interest reserved to the grantor as would vitiate the instrument, since such an agreement could not be enforced and grantee might outlive grantor and is extremely contingent. 20 Cyc., pp. 555, 558.

STEPHENS, Associate Justice.—This suit was brought by appellant as trustee in bankruptcy to set aside for fraud two deeds made March 14, 1903, by W. H. Stone to his mother, Sallie Stone, conveying the residence then occupied by them as a home and the storehouse in which W. H. Stone was doing business, both situated in the town of Hereford, Texas. The trial resulted in a verdict and judgment against the trustee, who has appealed, assigning errors to the charge and to the exclusion of testimony.

W. H. Stone and his mother, who have always lived together, moved from New Mexico to Hereford, Texas, in the fall of 1902, when and where he embarked in the dry goods business, and a year later went into voluntary bankruptcy, listing no assets, but scheduling debts to the amount of about twenty-five hundred dollars. The business ceased about the date of the conveyances complained of, March 14, 1903, terminating in what was described by the witnesses as a "slaughter sale" of the stock of goods, the proceeds of which all went to the mother as the preferred creditor. She went into business in the fall of that year in her own name, employing her son, W. H. Stone, to assist in the management thereof. The new establishment, which included both groceries and dry goods, was conducted under the name, "Famous Store," with one J. A. Kirkpatrick as partner in the grocery department. When the business in the name of W. H. Stone was closed out he owed the persons from whom he had purchased goods $2,246.71. Besides this amount, he claimed to owe his mother for borrowed money $7,500 or $9,954.57, on which he paid in the real estate conveyed about twenty-five hun-

dred dollars and in the proceeds of the "slaughter sale" of the stock of goods twenty-seven hundred dollars. The proof was by no means conclusive that he owed his mother the large sum claimed to be due her, and there was evidence tending to prove that his stock of goods was worth from four to six and even eleven thousand dollars, and that the same was hurriedly sold at a shocking discount and that his mother, who was present in the store a part of the time at least receiving the proceeds, must have been aware of this fact. Indeed, there was evidence tending to prove that it was contemplated when the real estate was conveyed that the dry goods were to be converted into cash, as was done, and the proceeds paid to Mrs. Stone.

The court erred in giving the following charge at the request of Mrs. Stone: "You are charged that if you find from the evidence that when the conveyance from Will H. Stone to Sallie Stone of the real estate, described as the residence house and lot and the store house and lot No. 17, block 19, Hereford, Texas, was made and the money was paid or turned over by Will H. Stone, to Sallie Stone, Will H. Stone was indebted to Sallie Stone and the conveyance was made and money turned over to Sallie Stone for the purpose of paying a debt or on an indebtedness owing from Will H. Stone to Sallie Stone, and that no more property and money was transferred and turned over than was necessary for that purpose, then you will find for the defendant Sallie Stone although you may further find from the evidence that Will H. Stone, by said transfers, intended to hinder, delay or defraud his creditors and that defendant, Sallie Stone, knew of such intention on the part of Will H. Stone or that she ought to have known of such intention, if it existed, by the exercise of such diligence as an ordinary prudent person would exercise under the same circumstances."

The effect of this charge was to instruct the jury that W. H. Stone had the right to hurriedly dispose of a stock of goods at a grossly inadequate price—say, possibly as low as twenty-five cents on the dollar—with intent to defraud his creditors, and that the conveyances of the real estate made at or about the same time and as a part of such transaction, should be approved; that is, that his mother could knowingly accept with impunity the avails of such fraudulent scheme, provided she did not receive more property and money than her debt amounted to. In other words, that a debtor may lawfully prefer one creditor over all the rest by deliberately sacrificing, with the knowledge and consent of the favored creditor three-fourths of the available assets in order that the remaining fourth may be applied to the debt of the preferred creditor. A proposition so shocking to a sense of justice needs only to be stated to be rejected. Fraud vitiates everything into which it enters, and if the "slaughter sale" was fraudulent and was contemplated by both parties as a part of the transaction when the conveyances of real estate were made, as there was evidence tending to prove, the whole scheme should be condemned. The intent in such case would be to defraud creditors within the meaning of the statute, which would render the conveyance void as to them. See City National Bank v. Martin-Brown Co., 20 Texas Civ. App., 55, and cases there cited.

We are not prepared to hold that the court erred in excluding the declarations of W. H. Stone made after he had transferred and delivered all the property to his mother, even though he was then engaged in selling goods for her in the new establishment. But, for the error in the charge the judgment is reversed and the cause remanded.

*Reversed and remanded.*