## BASS v. RECEIVERS OF KIRBY LUMBER CO.

(Court of Civil Appeals of Texas. Galveston. March 27, 1912.)

1. TRIAL (§ 63*)—INTRODUCTION OF EVIDENCE.

While a plaintiff must ordinarily introduce all the evidence necessary to sustain his cause before the defendant begins the introduction of his testimony, and may only introduce evidence in rebuttal thereafter, the court may, in its discretion, having regard for the substantial rights involved, permit the introduction of testimony out of the order prescribed.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 151–153; Dec. Dig. § 63.*]

2. TRIAL (§ 63*)—INTRODUCTION OF EVIDENCE.

Where, in an action for personal injuries, alleged to have been caused by the negligence of the defendant, the plaintiff admitted in his petition a former judgment, rendered in a suit between the parties, relating to the identical cause of action, a showing that the judgment was invalid was necessary to entitle a recovery, and should have been admitted as a fundamental part of the plaintiff's cause before he rested.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 151–153; Dec. Dig. § 63.*]

3. TRIAL (§ 63*)—INTRODUCTION OF EVIDENCE.

But where there is no intimation that the defendants were not as well prepared to meet evidence on the validity of the former judgment, offered at the time for the admission of testimony in rebuttal, or that its introduction at that time would have consumed any more time than it would if it had been introduced in chief, a refusal to permit its introduction was improper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 151–153; Dec. Dig. § 63.*]

Appeal from District Court, Liberty County; L. B. Hightower, Judge.

Action by Raymond Bass, by next friend, Marion T. Bass, against the receivers of the Kirby Lumber Company. From the refusal of a motion to set aside an order granting a nonsuit and dismissing a motion to reinstate, plaintiff appeals. Reversed and remanded.

Presley K. Ewing, of Houston, for appellant. W. B. Garrett, of Austin, and Jno. G. Logue and C. R. Wharton, both of Houston, for appellees.

PLEASANTS, C. J. This suit was brought by appellant against appellees to recover damages for personal injuries, alleged to have been caused by the negligence of appellee's employés.

The petition alleges, in substance, that appellant, Raymond Bass, a minor 15 years old, was, at the time of his injury, in the employment of the defendants as a water boy for their hands working in the woods a few miles from their lumber mill at Fuqua; that the defendants, in connection with their lumber business, operated a railroad to and from said lumber mill out into the woods, where his employment was; that on the occasion in question he and the other employés in

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

the woods boarded an engine and tender, operated by defendants over their said railroad, to come in at the close of the day's work; that the engine and tender were provided by defendants for such use, and were intended and allowed therefor, the use being of mutual advantage in the business; that he (the plaintiff) took a seat, with others of the employés, on the pilot of the engine (which was a switch engine and adapted to that use), where it was customary for them to ride, and where, in the crowded condition of the engine and tender, they were as safe as at any other place; that, while the engine and tender were going in, the same ran into branches protruding over the track from the falling of a tree that was cut down in the course of the business, whereby plaintiff was thrown off, and his arm was so run over and injured that it had to be and was amputated near his shoulder.

The petition alleged the injury to be the proximate result (1) of negligence of the dedefendants' agents, in that behalf, in exposing plaintiff to the extraordinary danger of the branches protruding over the track, when they knew, or ought, by the exercise of ordinary care, to have known, of the unsafe condition therefrom in time to have remedied the same, and (2) of the negligence of defendants' employé, the engineer, (a) in failing to stop or slow up the engine after he discovered, or would, by the exercise of ordinary care, have discovered, such obstruction and threatened danger, and (b) in failing to exercise ordinary care, with the means at hand, after he had actually discovered plaintiff's peril from such obstruction, to stop or slow up the engine, so as to avert the injury to him. The damages were laid at $25,000.

The petition then alleges that in a former suit in the court in which the instant suit was brought, which was apparently brought by the plaintiff herein against these defendants, an agreed or compromise judgment was rendered against the defendants in favor of the plaintiff for the sum of $200, but that said amount had not been accepted by the plaintiff, and was now in the registry of the court. The validity of said judgment is attacked on the grounds of fraud and false representation. The allegations of fraud and misrepresentation being, in substance, that the petition in said suit was filed and all of the proceedings had therein by attorneys representing and in the employment of the defendants, and, that in rendering said judgment, no evidence was heard or considered by the court; that plaintiff and his father, who brought the suit for him as next friend, were illiterate and ignorant of court proceedings and the right of recovery which the facts gave plaintiff, and that, anterior to the filing of said suit and the rendition of judgment therein, the defendants, through their physician and agents, who are alleged to have been Dr. Weir and a man by the name of French, and another by the name of Sav-

age, made false representations to the plaintiff to induce him to accept $200 in settlement; the alleged false representations being substantially that if the settlement were made the Kirby Lumber Company would retain plaintiff in its employment, and give him an opportunity for independence and advancement in life. Further false representations, alleged to have been made by said agents, were that plaintiff in fact had no right of recovery, and that he would be benefited by compromising for a nominal and paltry amount. The prayer of the petition is for annulment of the compromise judgment, and for recovery by plaintiff of the damages sustained by him.

The defendants' answer, in addition to exceptions and a general denial, contains a plea of res adjudicata, based upon the agreed or compromise judgment, before mentioned; also plea of contributory negligence and assumed risk on the part of plaintiff in riding on the pilot of the engine, and in not using ordinary care in protecting himself from the overhanging branches, after he had discovered the same.

Upon the trial of the cause with a jury, the plaintiff, after having introduced evidence tending to establish the negligence of the defendants and consequent injury to plaintiff, as alleged in the petition, and without having introduced any evidence upon the alleged fraudulent procurement by the defendants of the former agreed judgment, rested his case. The defendants then introduced evidence contradictory of that offered by plaintiff, and also testimony which tended to establish defendants' plea of contributory negligence, and rested their case, without offering any evidence in regard to said former judgment. Plaintiff then introduced evidence in rebuttal of the evidence adduced by the defendants, and with such rebuttal evidence offered evidence to prove the allegations of his petition in regard to the fraudulent procurement of said agreed judgment. Upon the objection of defendants that said evidence as to fraud in the procurement of the agreed judgment was not in rebuttal of any evidence offered by the defendants, the trial court refused to permit plaintiff to introduce such evidence, and, at the request of the defendants, was about to instruct the jury to return a verdict for the defendants, when the plaintiff, to avoid such verdict, took a nonsuit, after duly excepting to the ruling of the court.

Thereafter, on the same day, plaintiff filed a motion to set aside the order granting the nonsuit and dismissing the cause, and to reinstate the suit. The motion to reinstate, which was sworn to by attorneys for plaintiff, was as follows:

"In the District Court of Liberty County, Texas, at its February term, 1911. Raymond Bass, by Next Friend, Marion T. Bass, v. Joe S. Rice and Cecil A. Lyon, Receivers of Kirby Lumber Company. No. 4,390. Now

comes the plaintiff, Raymond Bass, by his attorneys, and moves the court to reinstate this cause, in which the plaintiff was compelled to take a nonsuit under circumstances as follows:

"That at the trial the plaintiff's attorneys made out for him a prima facie case, authorizing a recovery in his behalf against the defendant receivers for the alleged injury of which he complains, and without offering any evidence in respect to the existence or fraudulent procurement of the compromise judgment as alleged, as manifest from the evidence. That plaintiff's attorneys were induced to this step under the mistaken belief that said receivers, defendants, who had pleaded such compromise judgment as a defense, would introduce the same in evidence, and that it would be more orderly in a logical way, and in a practicable form, for the plaintiff then to introduce his testimony of the alleged fraudulent procurement of such judgment, which course could not and would not delay the trial of the cause at all, or in any way work to the prejudice of anybody. That plaintiff's attorneys were also induced to said step under the belief, mistaken, if they are not correct (which they in no sort admit), that it was competent for them to make out their prima facie case, independent of such judgment and the averments of the fraudulent procurement thereof, treating the latter as surplusage which might have been omitted from the petition, and which could be availed of by said defendants only by pleading same as a defense, and which, if treated as an admission by plaintiff, could not be taken by piecemeal, but must be accepted as an admission with its explanation and qualification; that is, that it was a judgment fraudulently obtained, and therefore invalid.

"That after plaintiff rested said defendants' attorneys did not then claim that plaintiff could not recover on account of the averments relative to said compromise judgment, but proceeded to adduce and complete the introduction of their evidence under the issues, except those relating to said judgment, examining their witnesses for a number of hours, and for the parts of two days. That they then, for the first time, having rested, made claim to the court and to plaintiff's attorneys, and argued in open court, that plaintiff's attorneys could not then be permitted to adduce their evidence in support of plaintiff's averments of the fraudulent procurement of said compromise judgment, and the court should, at the same time presenting to him a written motion therefor, peremptorily instruct the jury to find for said defendants. That the court sustained both of said contentions for the attorneys of said defendants, and refused to permit plaintiff's attorneys to then introduce evidence, which they offered, to prove the averments of fraud in the procurement of said compromise judgment, as contained in plaintiff's petition, but

allowed them, so as to complete the record on that branch, to adduce strictly rebuttal testimony. That by the ruling of said court, so made, plaintiff's attorneys were taken by surprise, and were compelled to then and there, which they did, take a nonsuit for plaintiff, so as to avoid a final judgment against him, as otherwise would have been the result under peremptory directions from the court.

"That plaintiff's attorneys, in acting as they did in the premises, were proceeding under circumstances of mistake, as before stated, without any intention whatever of taking any advantage of anybody, or interfering with the orderly progress of business in the court, and, in point of fact, not a particle of additional time would have been consumed upon the trial, and no prejudice could have resulted to said defendants, had the court allowed plaintiff's attorneys to adduce their evidence in support of said averments of the fraudulent procurement of said compromise judgment after said defendants had rested, instead of as a part of his evidence in opening his case.

"That the plaintiff's case is a meritorious one, as shown by the evidence adduced on the trial, as the jury was warranted in viewing it. That the receivership cause mentioned in the plaintiff's petition has been, in a qualified manner, brought to an end, and the property thereof restored to the owner, Kirby Lumber Company; but under a provision in the decree making the same without prejudice to pending suits against the defendant receivers, which this suit then was, and retaining said defendant receivers as concerns such suits and some other matters, so that it might be that if the court should now refuse to reinstate this cause, and compel the plaintiff to institute a new suit, great injury would be done him, and grave injustice result.

"That if said contentions made by the attorneys for said defendants when they rested had been made and entertained by the court when plaintiff's attorneys rested for plaintiff, the latter attorneys would then immediately have proceeded to the introduction of, and then adduced, their evidence relative to said compromise judgment.

"Wherefore plaintiff prays that his cause in this behalf be reinstated, with like effect as though such nonsuit had not happened with such further or other directions as to law and justice may appertain."

The trial court refused to grant this motion, and to the order overruling same plaintiff excepted, and therefrom prosecutes this appeal.

The accuracy of the statement of the circumstances under which plaintiff took a nonsuit, made in the motion to reinstate, before copied, is not questioned by appellees, and the question for our determination is whether the trial court erred in refusing, in these circumstances, to permit the plaintiff to intro-

duce evidence upon the issue of the fraudulent procurement of the judgment sought to be set aside.

[1] It is a well-settled general rule governing the order in which evidence should be introduced upon the trial of a cause that the plaintiff must introduce the evidence necessary to sustain his case before the defendant begins the introduction of his evidence; and that after defendant has finished the introduction of the evidence offered by him to sustain his defense the plaintiff can only introduce evidence in rebuttal of that produced by the defendant, or corroborative of his evidence in chief. Markham v. Carothers, 47 Tex. 21; Snow v. Starr, 75 Tex. 411, 12 S. W. 673. This is the logical and natural way for the parties to present their evidence; and the enforcement of this rule in the trial of cases ordinarily expedites the trial, enables the court or jury passing upon the evidence to more readily comprehend the issues involved, and tends to prevent confusion in the minds of the court or jury in reaching a conclusion upon the issues of fact presented by the evidence. While the enforcement of the rule is largely within the discretion of the court, such discretion cannot be exercised arbitrarily, but must always have due regard to the substantial rights involved, and must be in accord with that which is just and proper under the circumstances.

[2] We agree with appellees that the evidence offered by appellant, tending to show the invalidity of the former judgment, was not evidence in rebuttal, and should have been offered by plaintiff as a part of his evidence in chief. Plaintiff having admitted in his petition that a former judgment had been rendered in a suit between the parties to this suit, adjudicating the identical cause of action set up by plaintiff in the present suit, the defendants were not required to prove the rendition of such judgment; but it was necessary, to entitle plaintiff to recover, that he should show the invalidity of the former judgment, and, this being a necessary part of plaintiff's case, as alleged in his petition, evidence in support thereof cannot be considered evidence in rebuttal of that of defendants, and should have been introduced before plaintiff rested his case. Neil v. Tarin, 9 Tex. 256; Ogden v. Bosse, 86 Tex. 344, 24 S. W. 798; Cage v. Owens, 103 S. W. 1192.

As we have before said, the enforcement of this rule, which is one of convenience, rather than of substantive right, is largely in the discretion of the trial court; and when the circumstances of the particular case are such that the strict enforcement of the rule will probably result in injustice to the party against whom it is invoked, while its relaxation could not possibly work any injustice to the opposite party, or cause any delay in the trial of the cause, we think it is an abuse of discretion for the court to deprive a litigant of the benefit of material evidence solely upon the technical ground that it was not offered at the proper time. The primary purpose of all rules of evidence is to aid and facilitate the investigation of the facts, in order that the truth and justice of the particular case may be reached; and an arbitrary enforcement of these rules, which defeats their main purpose, places the means above the ends, and gives more importance to the formalities and methods of procedure than to the right and justice of the result reached.

[3] There is no intimation in the record that defendants were not as well prepared to meet the evidence offered by plaintiff on the issue of the validity of the former judgment at the time it was offered as they would have been if it had been offered at the proper time. The burden was upon plaintiff to establish his charges of fraud in the procurement of said judgment, and it was of no possible advantage to him to delay the introduction of his evidence upon this issue until after defendants had introduced their evidence and rested their case; nor would the introduction of the evidence at the time it was offered have consumed any more time than it would if it had been introduced as part of plaintiff's evidence in chief. In these circumstances, we think the learned trial judge erred in refusing to permit plaintiff to introduce the offered evidence; and, plaintiff having been forced to take a nonsuit because of such erroneous ruling, the motion to reinstate should have been granted. This conclusion requires that the judgment of the court below should be reversed, and the cause remanded; and it has been so ordered.

Reversed and remanded.