### TABOR v. ZAVALA COUNTY BANK.

#### No. 3228.

Court of Civil Appeals of Texas. El Paso.

Jan. 30, 1936.

Rehearing Denied Feb. 20, 1936.

John T. Spann, of Crystal City, for plaintiff in error.

Jackson & Crawford, of Crystal City, for defendant in error.

HIGGINS, Justice.

The only question presented by this appeal is the sufficiency of the evidence to support the jury's finding that the land in controversy was not placed in the name of Arie Carr to be held by her for H. B. Carr and his heirs. Arie Carr is a daughter and one of the heirs at law of H. B. Carr, who is now dead. The plaintiff in error, Mrs. Dora Tabor, is another daughter and heir of H. B. Carr. All of the other heirs of Carr have conveyed their interest in the land to Mrs. Tabor, except Arie Carr. The title to the land was in Arie Carr, and it was the contention of Mrs. Tabor that she held it in trust for H. B. Carr and his heirs.

▇ The trust asserted rests in parol, and by a long line of decisions the proof of a trust of this character must be clear and satisfactory. See cases cited in 16 Michie Digest at pages 877 and 899.

▇ The burden of proving the trust rested upon Mrs. Tabor, and no exception was taken to the manner in which the issue was submitted. The testimony in support of the trust asserted was all given by the heirs of Carr who were interested. There is no testimony directly contradicting that given by them, but there are facts and circumstances reflected by the record which impeach the same.

In Goodrich v. Hicks, 19 Tex.Civ.App. 528, 48 S.W. 798, which involved a resulting trust, Judge Williams said: "Evidence which is neither clear nor satisfactory ought not to be held sufficient to es-

tablish a fact such as that in issue. King v. Gilleland, 60 Tex. 271, 274; Markham v. Carothers, 47 Tex. 21, 23; Neyland v. Bendy, 69 Tex. [711] 713, 7 S.W. 497; Mead v. Randolph, 8 Tex. [191], 199; Agricultural Mechanical & Blood-Stock Association v. Brewster, 51 Tex. [257], 260."

█ The entire evidence has been considered, and the conclusion is reached that under all the facts and circumstances reflected by the record the jury might properly have discredited the testimony of the interested witnesses and regarded the same as not clearly and satisfactorily establishing the trust asserted. The finding upon the issue will not be disturbed.

Affirmed.