## MARIANO RODRIGUEZ v. MARIA J. LEE, ADM'X., AND OTHERS.

Where defendants in an action of trespass to try title were permitted, under the general issue, to offer evidence of title in themselves by purchase at Sheriff's sale under a judgment against the plaintiff, it was competent for the plaintiff to rebut such evidence by proving that the judgment was obtained by fraud ; and, under such circumstances, it was not incumbent on the plaintiff to plead any facts showing the nullity of such judgment, or of the title set up under it.

The fact that the plaintiff in the judgment so offered in evidence died before the suit was brought, in which such judgment was rendered, may be proved by the party rebutting it, as a circumstance conducing to the proof of fraud in obtaining it.

APPEAL from Bexar. Tried below before the Hon. Thomas J. Devine.

This was an action of trespass to try title, instituted by the appellant on the 29th of April, 1853, for the recovery from the appellees of a certain tract of land in Bexar county, described by metes and bounds.

The defendants answered with a general denial, the statutes of limitation of three, five and ten years, and alleged title in themselves derived under a patent from the Republic of Texas, issued on the 25th of February, 1842 ; but they made no averment with regard to the judgment referred to in the opinion of the court, the record of which judgment they introduced in evidence at the trial to sustain title derived by purchase at Sheriff's sale. For the facts relative to this judgment, reference is made to the case of Thouvenin v. Rodriguez, 24 Texas R., 468, cited in the opinion. As the opinion has relation only to questions arising out of this judgment, the other facts are omitted.

*I. A. & G. W. Paschal,* for appellant.

*Hewitt & Newton* and *Jas. Dennison* for appellee.

ROBERTS, J. This case presents questions similar to those in the case of Thouvenin v. Rodriguez, 24th Texas R., 468.

Mariana Rodriguez v. Maria J. Lee, Adm'x., and others.

In that case it was said, "We incline to the opinion that the alleged donation from Jose Maria Rodriguez to his father Mariano Rodriguez was complete," &c., ib., 478. And in relation to record of the judgment of Cortes against Rodriguez, it is said, "We are of opinion that upon its face the judgment was not void for the want of jurisdiction, and consequently that it was admissible in evidence. Whether it may be avoided by proof, that the defendant was a non-resident at the time of the institution of the suit; whether he should have instituted a proceeding to avoid the judgment, and within what time, are different questions."

In relation to the proof that was excluded in that as well as in this, of the death of Juan Cortes, it is said, "But the fact of the death of plaintiff (Cortes) before suit, may be a circumstance conducing to the proof of fraud practiced in obtaining the judgment."

Upon this ground the judgment in this case must be reversed. Appellant was not required to plead any facts showing the nullity of this judgment, or the title attempted to be acquired under it; because the appellees had not set up in their answer any such title to the land in controversy. If it were competent for the appellees to offer this evidence of title under the general issue, which we think it was, it was equally so for the appellant to rebut such evidence by showing the judgment to have been obtained by fraud.

This is decisive of this case. The other questions are left as indicated in the other case. In this case it was proved that Rodriguez, defendant in the judgment, was a non-resident at the time the suit was brought. Though we are not now prepared to announce a definite opinion upon its effect upon the validity of the judgment, under the provisions of the attachment law of 1839, should the same proof be made upon a new trial of the case, it is regarded as a question of serious consideration.

Judgment reversed, and the cause remanded for new trial.

Reversed and remanded.