## No. 2444.

### JOHN WADE *v.* LELIA LOVE.

1. INFANCY—TRESPASS TO TRY TITLE.—In trespass to try title brought by one who seeks to avoid a deed alleged to have been made by him during minority, and without consideration, when the copy of the deed is attached to the petition and made a part thereof, which recites a consideration paid, the plaintiff must not only establish that he was a minor when the deed was made, but that no consideration was in fact paid. In such a case when there is no offer to return a consideration for the land, it is incumbent on the plaintiff to show that he received none.

2. EVIDENCE.—Evidence though not primarily admissible because not directly relevant to the matters in issue, may be rendered proper in rebuttal. See opinion for an illustration.

3. EVIDENCE.—The answer to a general written interrogatory to a witness to "state any other fact within his knowledge of interest to either party as fully and minutely as if specially interrogated thereto," is inadmissible if objected to in time, but if there be no written notice of objection before trial, the objection will be regarded as waived.

APPEAL from Nueces. Tried below before the Hon. J. C. Russell.

The opinion states so much of what is contained in a voluminous record, as is necessary to a proper understanding of the legal propositions decided.

*McCampbell & Welch*, for appellant: Cited St. Louis, Arkansas & Texas Railway Company v. Whitaker et al., 5 Southwestern Reporter, 448; Chinn v. Taylor, 64 Texas, 385; Smith v. Montes, 11 Texas, 24; Austin v. Talk, 20 Texas, 164; Andrews v. Smithwick, 20 Texas, 111; Cook v. Dennis, 61 Texas, 246; Blanton v. Mayes, 58 Texas, 422, and authorities cited.

*G. R. Scott*, for appellee: Cited Bingham v. Early, 55 Texas, 281; Veal v. Fortsen, 57 Texas, 487; Vogelsang v. Null, 67 Texas, 466; Mercer v. Hall's Administrator, 2 Texas, 284; Warren v. Smith, 24 Texas, 486, 487; Dawson v. Sparks, 1 Unreported Cases, 735; Posey's Texas Civil Digest, 105, section 1391; The Texas & Pacific Railway Company v. Casey, 52 Texas, 112; Cockrill v. Cox, 65 Texas, 669; Earls v. Thomas, 14 Texas, 593, 594; Mills v. Ash, 16 Texas, 295; Hollingsworth v. Holshousen, 17 Texas, 47; Salinas v. Wright, 11 Texas, 572; Jones v. Thurmond's Heirs, 5 Texas, 328, 329; Carter v. Eames, 44 Texas, 547, 548; North's Administrator v. Kentucky Central Railway Company, 5 Southwestern Reporter, 467.

GAINES, ASSOCIATE JUSTICE. The appellee brought this suit against appellant to recover an undivided one-third interest in a tract of land. Her original title was derived by inheritance from her father and mother, Joseph and Margaret Love. After the ordinary averments of an action of trespass to try title, she alleged in her petition that one F. L. Bates, who was her relative, and in whom she had confidence, procured her to sign a deed conveying to him her interest in the land by representing that the instrument was only a power of attorney; that she was only nineteen years of age at the time, and that though the deed recited a consideration of five hundred dollars fully paid, she received no consideration whatever for the conveyance. She also alleged that Bates had sold and conveyed the land to the defendant, and that after she became of age and ascertained the fraud which had been practised upon her, she disaffirmed her conveyance and gave notice to the defendant. The defendant in order to defeat the action relied upon a plea of not guilty, though the statutes of limitations were also pleaded.

The testimony as to the principal transaction was by depositions. It was clearly proved that the deed to Bates was executed during the minority of appellee, and the contest appears to have been upon the issues, first, whether Bates represented the instrument to be a power of attorney, and second, whether or not either before or after or at the time of the execution of the deed she ever received any consideration for it. She testified that she owed Bates nothing at the date of the transaction; that he paid her nothing either at that time or afterwards, and that she did not read the instrument, but having confidence in Bates, she signed it under the influence of his representation that it was a power of attorney. Upon cross examination, she also deposed in effect and without objection, that before the conveyance was signed, she had lived with Bates and had gone to school for one year from his house, but that what was paid for her tuition she had paid herself, and that during the time she had lived with him, she had served the family as a cook, nurse and house maid, and that her services had more than compensated Bates for any expense incurred by him for her benefit. It was further drawn out upon the cross examination, that Bates had made two trips to Texas on account of the lands of her father's and mother's estate, and plaintiff testified that she thought that his expenses were paid out of land in San Patricio county. A copy of the conveyance to Bates was made a part of the petition, and recited a consideration paid of five hundred dollars. It was therefore incumbent upon plaintiff to prove, not only that the sum mentioned was not in fact paid, but also that she had received no other consideration for the land. Having offered to return nothing, she was bound to prove that she had received nothing.

From the facts that Bates had made two trips to Texas to look after the lands, and that the plaintiff had lived in his family for five years, drawn out by her cross examination, the jury might have inferred that the real consideration of the conveyance was expenses previously incurred by Bates on her account. The cross examination as to these matters may be presumed to have developed the line of the defense, and to have induced plaintiff's counsel to conclude, that it was proper at that stage of the proceedings, to show all the transactions between Bates and plaintiff, and thereby establish clearly her allegation that the deed was made without consideration. Such being the state of the case, plaintiff was permitted, over

defendant's objection, to read the following answer from the deposition of a witness, tending to show that, previous to the execution of the deed, "Bates had charge of plaintiff's business, and had received nine hundred dollars in which she had a third interest, and had never settled with her for it." The admission of this evidence is assigned as error. The grounds of the objection were that evidence was about a transaction which occurred before the execution of the conveyance in question, and was therefore irrelevant. It appears from what we have already said, that we do not think the objection well taken. The testimony tended to establish the plaintiff's allegation that the deed was without consideration, and to destroy in the minds of the jury the effect of evidence drawn out by the defendant calculated to show a previous indebtedness by her to the grantee. The same may be said as to the testimony of the other witnesses who corroborated her as to her services in Bates's household. She had testified, upon cross examination, that she had lived for five years in Bates's house, but also that her services were more than sufficient to pay for this. It was not error to permit her to strengthen her testimony in this last particular by that of other witnesses.

The plaintiff propounded interrogatories to take the testimony of one Vardeman, the last of which was a general request to the witness to state any other fact or facts within his knowledge of interest to either party, "as fully and minutely as if specially interrogated thereon." The answer to this was objected to on the trial on the ground that the defendant had had no opportunity to cross examine the witness as to the matter thus elicited. This court has held such interrogatories objectionable. (Railroad Company v. Whitaker, 5 S. W. Rep., 448; Chinn v. Taylor, 64 Texas, 385; Allen v. Hoxie, 37 Texas, 320.) In the case last cited the objection seems to have been taken in writing and notice given as required by the statute, when the objection goes to the manner and form of taking the deposition. (Pas. Dig., 3742; Rev. Stat., 2235.) In the other two cases it does not appear whether this was done or not. If not, it is probable that the question, whether or not the objection could be raised after the trial began, did not suggest itself to the court in deciding these cases. The point now presents itself and the decision of the case before us calls for its determination. It is now settled in this court that the statute applies not only to the deposition in general but also to the form of each particular in-

terrogatory. That a question is leading has been repeatedly decided to be an objection to the manner and form of taking. (Mills v. Herndon, 60 Texas, 353; Marx v. Heidenheimer, 63 Texas, 304; Leach v. Dodson, 64 Texas, 185; Buford v. Bostick, 58 Texas, 63; Lee v. Stowe, 57 Texas, 444.) Whatever conflicting views may have been at one time expressed the question is now set at rest. The reason upon which the ruling is based are well expressed in the case last cited and apply equally to the objection made in this case. By going to trial without making his objection in writing and giving notice to the opposite party the defendant must be deemed to have waived it. We conclude, therefore, that there was no error in overruling the objection to the answer under consideration.

We are also of the opinion that the portions of the charge complained of in appellant's fifth and sixth assignments are not grounds for a reversal of the judgment. In regard to so much of it as is called in question by the fifth assignment, it may be said that it is true that there was no evidence of any offer to repay any consideration; but we do not think the jury could have been misled by the instruction upon that matter. We think the evidence is overwhelming that plaintiff received nothing for the land at the time the deed was made, or before or after that time. If a more distinct instruction upon the point was desired, the defendant should have asked it. The charge was calculated, under the evidence, to operate rather to the prejudice of the appellee than to the injury of appellant. He should not be permitted to speculate upon the chances of a verdict under such a charge, and then to complain of it. The same may be said of that portion which is assigned as error in the sixth assignment. We think, too, that there was evidence that, if Bates had any authority to sell the land, it was that of an agent. If the deed was made without consideration, placing the evidence in a light most favorable to defendant, he was merely an agent for its disposition.

Upon the whole case, we do not see that the jury could have properly returned any other verdict except one for plaintiff. It was proved that she was under age when the deed was executed; and that Bates represented that she was executing a power of attorney is shown not only by her own testimony, but by that of the officer who took her acknowledgment. He does not pretend that he paid anything at the time, nor does he show that she then owed him anything. In regard to having settled with

her, although he said he had a receipt, he produced **none**; and upon the point he is substantially contradicted, not only by the plaintiff but also by other witnesses. His testimony was contradicted upon nearly every material point in the case, and hence the jury were amply warranted in disregarding it.

The court having committed no material error, and the justice of the case having been attained, the judgment is affirmed.

*Affirmed.*

**Opinion delivered January 27, 1888.**