## NATIONAL LIFE & ACCIDENT INS. CO. v. SANCHEZ et al. (No. 7501.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 17, 1926. Rehearing Denied March 17, 1926.)

1. Insurance ⬤➡665(3)—Jury's findings in action on life policy, that statements in application for life insurance as to health were true, held not supported by evidence.

Jury's findings, in action on life policy, that statements in application for life insurance that applicant was in good health, had never had tuberculosis, and had no medical or surgical attention during the preceding five years, were true held not supported by evidence.

2. New trial ⬤➡72.

Where jury's findings were contrary to the evidence, refusal of new trial on that ground was error.

3. Evidence ⬤➡129(6)—In suit on life policy, where defense was insured concealed fact he had tuberculosis at time of application, testimony that insured obtained insurance from another company, whose examining physician passed him, was immaterial and incompetent.

In suit on life policy, where defense was insured concealed fact he had tuberculosis at the time he made application, testimony that he applied for and was examined for and obtained insurance from another company, whose examining physician examined and passed him, was immaterial and incompetent.

4. Appeal and error ⬤➡882(8).

Appellant may not complain of admission of testimony, most of which was elicited by his own counsel.

5. Evidence ⬤➡129(6)—In suit on life policy, where defense was insured concealed fact he had tuberculosis when he applied for insurance, testimony it was instructions of another company insuring him, and its physician's practice, to especially avoid issuing policies to persons with tuberculosis, should be excluded.

In suit on life policy, where defense was insured concealed fact he had tuberculosis when

he applied for it, testimony that it was the instructions of another company insuring him at the same time, and its physician's practice, to especially avoid issuing policies to persons with tuberculosis, should be excluded on appropriate objections.

Appeal from Bexar County Court for Civil Cases; McCollom Burnett, Judge.

Suit by Angelita Sanchez and another against the National Life & Accident Insurance Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

G. Woodson Morris, of San Antonio, for appellant.

Heilbron, Kilday & Howard, of San Antonio, for appellees.

SMITH, J. Willie Sanchez was an employee of a jewelry concern in San Antonio for two or three years prior to November, 1923, when he reached the age of 18 years. His health had been apparently good until shortly prior to the time mentioned, when those working with him observed symptoms of his illness. In the latter part of November the boy complained to a fellow employee that he was sick, and asked for advice as to what he should do about it. On this occasion, to indicate to his friend the nature of his ailment, he "spat blood," which was "foamy." His friend advised him to consult Dr. W. C. Farmer, a specialist in diseases of the lung, and particularly tuberculosis. In pursuance of this advice Sanchez did consult Dr. Farmer, who gave him a thorough examination on three successive days. As a result of the examination the doctor found the patient—

"suffering with pulmonary tuberculosis at that time. His blood was much impoverished; it was 70 per cent., in other words 30 per cent. below normal in red blood corpuscles, and he was very much below normal in every way. He had a history of having lost some weight and running a temperature from 99⅘ to 101⅘. He was having some hemorrhage along from the lungs and coughing and expectorating considerably. * * * I told him at that time that his case was quite unfavorable to recovery unless he quit his work and went to bed and devoted his time entirely to getting well, and even then his condition was not very favorable to recovery. I told him he probably would not live more than six months at the very most. * * * The test that I applied to the boy was that I examined the blood, which showed it was very much impoverished. I also gave him what we call a tuberculin test, Von Pirquet tuberculin test, with reference to tuberculosis, and the result was that he was positive."

Sanchez reported the result of this examination to his associates in the jewelry store, telling them that the doctor said he had " T. B.," and to "get out in the country." Some time in December Sanchez's employer "let him out for the reason he needed recuperat-

ing, and I let him out and promised to give him his job back when he feels better; he never came back" except to get his salary, which was paid him for the entire month. After leaving the jewelry store he engaged in no other work, except occasional light work around his father's store. He told one of his boy friends, apparently his chum, who testified for appellees, that he quit his job in the jewelry store "because he was sick." About this time, on December 24, Sanchez's mother "had the boy insured" in the American National Insurance Company, for which purpose he was given a "medical inspection" by that company's physician, Dr. Parsons. Two days later his mother "had Willie insured in" the National Life & Accident Insurance Company, appellant herein. In the character of policy issued to Sanchez by appellant, known as an "industrial" policy, no medical examination of applicants is provided for, because of the small amount of the policy and the low premium rate, and no examination was made of Sanchez by the company, which relied alone upon the representations made by the applicant concerning his fitness as a risk. In this application, which was in writing, Sanchez represented that he was in "good health" at the time, that he had never had tuberculosis, and that he had not had any "medical or surgical attention in the last five years." Upon this application appellant issued the policy applied for, and delivered it on January 7, 1924. A few weeks later, on February 24, Sanchez became very ill, and was later on sent to a sanitarium for tuberculars, where he remained until his death on May 2. In the official death certificate it was recited that the physician making the certificate, Dr. Cerna, attended the decedent from April 26 to the date of his death, and that his death was caused by pulmonary tuberculosis. Dr. Cerna also made a written statement, which was introduced by appellees, in which he stated that the cause of death was pulmonary tuberculosis, that from his "personal knowledge or belief" the duration of the disease was six months, and from the "history" given him of the case (apparently by the decedent's father) the duration was three months.

The foregoing statement is of facts which are not contradicted in the record, unless by inferences from the testimony of the boy's mother and Dr. Parsons. His mother testified that the boy was strong and healthy and had never been ill prior to the attack which resulted in his death. Dr. Parsons testified that on December 24, as the examining physician of another insurance company, he gave the boy a "medical inspection," as distinguished from a "medical examination"; that this "inspection" was made one night in a dimly lighted room; that he was in a hurry, and the inspection occupied no more than three or four minutes; that the boy "appeared to me to be in a healthy condition",

that "in the examination I made of Willie Sanchez I didn't think his lungs were affected in any manner, or I wouldn't have passed him," but that "it is true that he might have been suffering from pulmonary tuberculosis and my brief medical inspection would not have determined that."

The boy whose life had been thus insured died at 5 o'clock in the afternoon of May 2, and on the same day his mother instituted her claim against the insurance company in behalf of herself and her husband as the beneficiaries designated in the policy. When the company rejected the claim, the parents brought this suit and recovered the amount of the policy, $234, as well as a penalty of $28.08, and an attorney's fee of $100.

[1, 2] In response to special issues submitted to them, the jury found that the representations in his application for insurance (1) that the applicant was in good health, (2) that he had never had tuberculosis, and (3) that he had had no medical or surgical attention during the preceding five years, were true. Appellant challenges the sufficiency of the evidence to support these findings, and we sustain the challenge. Those findings were contrary to the overwhelming, if not conclusive, preponderance of the evidence, and the court should have granted a new trial upon that ground in response to appellant's motion therefor. Briefly summarized, the undisputed evidence showed that Sanchez was ill, and knew he was ill, in November, that because of his illness he sought and obtained the medical attention of a disinterested tuberculosis specialist, who ascertained from a thorough examination and indubitable symptoms that the patient was afflicted with tuberculosis at that time, and prognosticated his death from that disease within six months, that the boy was relieved of his employment on account of his illness, and that his death from that disease followed within six months, in confirmation of Dr. Farmer's melancholy prognosis. The jury exceeded their prerogative when they disregarded this evidence and resorted to surmise and conjecture to find facts directly in conflict therewith.

[3-5] Appellant complains of the admission of testimony showing that Sanchez applied and was examined for, and obtained, insurance from another company, and was examined and passed by that company's examining physician. It is true that this testimony was objectionable as being immaterial and incompetent, as well, perhaps as prejudicial. But, as the record discloses that appellant's own counsel elicited most of this testimony, it is not in a position to complain thereat. It is in a better position, however, to complain of testimony that it was the other company's instructions, and its physician's practice, to make a special point of avoiding the issuance of policies to persons afflicted with tuber-

culosis. Such evidence should be excluded, upon appropriate objections.

The judgment is reversed and the cause remanded.