FERGUSON SEED FARMS, Inc., v. McMILLAN et al.   (No. 1046—4969.)

Commission of Appeals of Texas, Section A.
June 28, 1929.

cated in Grayson county, Texas, to Ferguson Seed Farms, Inc., a corporation, for a consideration of $25,000, evidenced by 5 notes, of the sum of $5,000 each, secured by a vendor's lien on said land and by deed of trust with power of sale. On October 7, 1924, McMillan filed suit to cancel said deed on the ground of alleged insanity at the time of its execution. Ferguson Seed Farms, Inc., in the meantime, had executed a deed of trust on this land, with other properties owned by the company, to secure a bond issue, and this suit is also to cancel this deed of trust as well as the deed. Plaintiff alleged in substance that he, while insane, conveyed to the defendant the properties here involved, which he alleged were worth $65,000, for an inadequate consideration; that plaintiff was of unsound mind and wholly lacking in mental capacity to execute a valid deed; and that he was caused to execute said deed by said diseased mental condition. McMillan further alleged that the deed was void on account of the facts aforesaid, and further pleaded that, if the deed was not void, it was voidable for the same reason. McMillan further pleaded that he had recovered from his mental derangement, and had made demand on the defendant for rescission and cancellation of the instrument. McMillan further pleaded that he had tendered the notes back to Ferguson Seed Farms, Inc., and renewed such offer in his petition.

Ferguson Seed Farms, Inc., answered by general demurrer, general denial, denying that plaintiff was of unsound mind at the time the deed was executed, and further alleged that the defendant had bought the land in good faith, and if plaintiff was of unsound mind, and afflicted with any mental derangement, which is denied, that it did not know it, and that Ferguson Seed Farms, Inc., was ready, able, and willing at all times to perform its part of the contract. The defendant also filed an application to change the venue of the case from Grayson county, which was overruled.

The case was submitted to the jury on special issues, and on the answers of the jury to these issues the court rendered judgment for McMillan, granting him the relief prayed for, and further rendered judgment in McMillan's favor for damages in the sum of $5,000, with interest from the date of the judgment. Ferguson Seed Farms, Inc., prosecuted writ of error from this judgment to the Court of Civil Appeals at Dallas, but the case was transferred by the Supreme Court to the Court of Civil Appeals at Amarillo, in equalizing the dockets of the several Courts of Civil Appeals. The Court of Civil Appeals at Amarillo affirmed the judgment of the trial court. 296 S. W. 902. The case is now before the Supreme Court on writ of error granted on application of Ferguson Seed

T. S. Henderson, of Cameron, F. L. Henderson, of Bryan, Owsley & Owsley, of Denton, and Jesse F. Holt, of Sherman, for plaintiff in error.

Freeman, McReynolds & Hay, of Sherman, for defendant in error.

CRITZ, J. On the 2d day of September, 1924, J. E. McMillan, joined by his wife, executed a deed to certain gin property lo-

Farms, Inc. For further statement of the case, we refer to the opinion of the Court of Civil Appeals.

### Opinion.

For convenience, we will hereafter refer to McMillan as plaintiff and Ferguson Seed Farms, Inc., as defendant. The defendant made application in the trial court for change of venue, and the part of said application germane to this opinion reads as follows:

"That there exists in Grayson county, Texas, so great a prejudice against the defendant and its president, A. M. Ferguson, that it cannot obtain a fair and impartial trial in said county. That there is a combination against this defendant instigated by influential persons, by reason of which it could not expect a fair and impartial trial of this case in said county."

The plaintiff urged the following special exception to this application for change of venue:

"He specially excepts to that part of said application in which it is alleged that so great a prejudice against the president of the defendant, Ferguson Seed Farms, Inc., viz. A. M. Ferguson, exists in Grayson county, Texas, that defendant Ferguson Seed Farms, Inc., cannot obtain a fair and impartial trial in Grayson county, because the statute does not warrant changing the venue of civil cases because of any prejudice against the president or other officer of the defendant corporation, and the said allegations constitute no ground for the change of venue prayed for, and of this he prays judgment of the court."

The trial court sustained the above special exception, and heard testimony only on the other grounds set out in the application. After hearing of such testimony, the application was overruled. The Court of Civil Appeals holds that this action presents no error.

Article 2170, Rev. Civ. St. of Texas 1925, provides:

"A change of venue may be granted in civil causes upon application of either party, supported by his own affidavit and the affidavit of at least three credible persons, residents of the county in which the suit is pending, for any following cause:

"1. That there exists in the county where the suit is pending so great a prejudice against him that he cannot obtain a fair and impartial trial.

"2. That there is a combination against him instigated by influential persons, by reason of which he cannot expect a fair and impartial trial.

"3. For other sufficient cause, to be determined by the court."

The allegation contained in the application to the effect that there existed in Grayson county so great a prejudice against the president of the defendant corporation as to prevent a fair and impartial trial was clearly an allegation of fact, and not a conclusion of the pleader. Further, it was sufficient as against the above special exception. Under the very broad language of subdivision 3 of the statute, if so great a prejudice exists against the president, who is the chief officer of a corporation, as to prevent the corporation from obtaining a fair trial in that county, the venue should be changed, where application alleging such grounds is properly filed, supported, and proved. It is true that the president of the corporation and the corporation are two distinct entities in law; but, in its transactions, a corporation must always act through and by its officers and agents. In matters involving local prejudice, such prejudice against the president or a part owner of the corporation would, in many instances, be just as potent to defeat a fair trial as prejudice against the corporation itself. The purpose of the act is to guarantee to every litigant a fair and impartial trial, be such litigant a corporate or natural person, and, if local prejudice exists in any county against the officers of a corporation to such an extent that the corporation cannot get a fair trial, the venue should be changed where application therefor properly supported and proved is seasonably filed. Trimble v. Borroughs, 41 Tex. Civ. App. 554, 95 S. W. 614.

In the Trimble Case, supra, it is shown that suit was brought in Coke county, Texas, to recover a section of land situated in that county. The defendant presented a motion for change of venue and among other grounds for such change of venue alleged: "That the belief that in making the application for the purchase of the land in controversy from the state by the defendant he was acting in collusion with F. L. and R. H. Harris, for the purpose of acquiring said land for said Harrises, is so general, and there exists in this, Coke county, so great a prejudice against F. L. and R. H. Harris that the defendant cannot obtain a fair and impartial trial of this case in Coke county, Tex."

Appellee excepted to the allegations in the application with reference to prejudice against the two Harrises on the ground, among others, that they were not parties to the suit, and that prejudice against them would not authorize a change of venue, and because the question of collusion in the purchase of the land in controversy could not be litigated in the case, and was not an issue therein. The trial court sustained said exception. The Court of Civil Appeals for the Third District held that the above allegation presented a good cause for change of venue. In other words, it was held that whether the Harrises had any interest in the land was not an issue, but if the opinion that they did have such interest was so general, and the prejudice against the Harrises so great as to prevent a fair and impartial trial in Coke county, the venue should have been changed.

The holding in the Trimble Case very clear-

ly and correctly interprets and construes subdivision 3 of article 2170, supra. We are further of the opinion the Trimble Case is squarely in point to sustain our holding in the case at bar.

The issue of insanity and mental incapacity was pleaded by the plaintiff in the following language: "Plaintiff avers that at the execution and delivery of said instrument to the defendant Ferguson Seed Farms, Inc., plaintiff was of unsound mind and was totally lacking in mental capacity to execute a valid deed conveying said property. That he was caused and impelled by such diseased mental condition to execute said deed. * * * If mistaken in alleging that said instrument was void, then plaintiff says that at the time said instrument was executed, he was of unsound mind, as herein alleged, and wholly lacking in mental capacity to execute a valid deed of conveyance of said property and was impelled to execute the same by a diseased mental condition."

Under the above pleadings the trial court submitted the following two questions, with accompanying instructions, to the jury, viz.:

"Bearing in mind the foregoing instructions, you will answer the following questions:

"Question No. 1: A deed has been introduced in evidence dated September 2, 1924 executed by plaintiff to defendant to the property described in plaintiff's petition. State in answer to this question whether or not the plaintiff, J. E. McMillan, was impelled to execute said deed by an insane delusion. Answer: Yes.

"If you answer question No. 1 'Yes,' you need not answer question 2; but, if you answer question No. 1 'No,' then you will answer question No. 2.

"An 'insane delusion' exists when one suffering from a diseased mind conceives something fanciful and extravagant, something having no foundation in reason or in fact, and is controlled by such imagination, and thereby impelled to do an act that he otherwise would not have done.

"Question No. 2: At the time inquired about in question No. 1, was the plaintiff of sound or unsound mind? Answer this question 'Sound' or 'Unsound'.

"For your guidance in answering this question, I instruct you that, if you find from the evidence that the said J. E. McMillan understood the character of the business he was engaged in, and the nature and effect of the instrument he was executing, you will answer said question No. 2, 'Sound;' but, if you did not so find, you will answer said question, 'Unsound.' "

The defendant excepted to the submission of question No. 1, on the ground that it was not supported by the evidence or the pleadings, and, further, defendant excepted to that part of the above charge which instructed the jury not to answer question No. 2, if they answered question No. 1 "Yes."

Without passing on the sufficiency of the exceptions above to point out any error in the above charge, but in view of the fact that the case must be reversed on other matters, we deem it proper to express our views on the issues here involved. We think that the general allegations of unsoundness of mind and mental incapacity above set out are sufficient to include insane delusion. We are further of the opinion that the evidence amply raises such issue. Notwithstanding this holding, we think that the first question should not have been submitted. All elements involved in the plaintiff's alleged ground of recovery, mental incapacity and unsoundness of mind, are included in the second question. Of course, where the evidence raises the issue of insane delusions, it is the duty of the court to define mental incapacity or unsoundness of mind, in view of such evidence. Rodgers v. Fleming, 3 S.W.(2d) 77 (Commission of Appeals opinion approved). We refer to Rodgers v. Fleming, supra, as announcing a correct way and manner in which to submit the issues here discussed.

Also, in view of the fact that the case must be reversed we deem it proper to call attention to the part of the above charge given in connection with question No. 2, beginning with the words, "For your guidance in answering this question," and including the balance of the instruction above quoted. This is a general charge, and instructs the jury how to answer the issue submitted in the event they find a given state of facts to exist. Under article 2189, Rev. Civ. St. 1925, the court should confine his instructions to "such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues." The court should not give a general charge, or instruct the jury how to answer a question. We do not reverse this case on this matter, as we do not think the error is presented.

While one Markham was on the stand testifying as a witness for plaintiff, counsel for defendant propounded to him the following question: "Is it not a fact that you are now claiming that Mr. Ferguson owes you a large amount of money growing out of the operation of the gin and that plaintiff's attorneys in this case are your attorneys in that claim, and that you are expecting to file a suit against Mr. Ferguson growing out of the operation of the gin; isn't that true?"

Plaintiff made the following objection to said question: "We object as irrelevant and immaterial and not the proper way to test his bias or prejudice, if any he has. If counsel desires to go into that matter, he should first ask the direct question."

The above objection was sustained by the trial court. The bill shows that, had the wit-

ness been permitted to answer the question, he would have testified: "That he has a claim against the defendant growing out of the operation of the gin; that under his contract he was to get a certain per cent of the revenues of the gin; that he had consulted with one of the attorneys of the plaintiff about his claim against the defendant; that he expected the defendant to pay the claim but if it did not, he would sue defendant to collect his claim."

The Court of Civil Appeals (296 S. W. 902) holds that the above ruling presents no error, because, "before a witness can be impeached by questions of this character, tending to show his bias or interest, a predicate for such impeachment must first be laid"—citing G., C. & S. F. Ry. Co. v. Young (Tex. Civ. App.) 284 S. W. 664; G., H. & S. A. Ry. Co. v. La Prelle, 22 Tex. Civ. App. 593, 55 S. W. 125; 40 Cyc. 2676. We think the witness should have been required to answer the question propounded. It was asked for the purpose of showing bias and prejudice on the part of the witness against the defendant, and was properly asked for that purpose. Wentworth v. Crawford, 11 Tex. 127; Jones v. McCoy, 3 Tex. 349; 40 Cyc. p. 2662 et seq. The authorities cited by the Court of Civil Appeals do not support their holding. They merely hold that, in order to warrant the introduction of evidence to show interest or bias on the part of a witness, a foundation must first be laid by interrogating the witness sought to be impeached concerning the specific matters which it is proposed to show. 40 Cyc. p. 2676. That is exactly what the defendant was attempting to do in this instance. We think the evidence was material, as the witness Markham had given damaging testimony against defendant.

After J. H. McMillan, a brother of plaintiff, and several other witnesses, had testified to certain facts happening in 1914, tending to show that plaintiff suffered a mental breakdown at that time, very similar in many respects to the one alleged in 1924, and at that time had insane delusions with reference to his financial condition being bad, when in fact it was good, etc., and after said J. H. McMillan had testified that at that time the plaintiff sacrificed property in Madill, Okl., at a nominal consideration, and turned his attention to ginning and buying cotton, etc., he was asked by counsel for defendant if the plaintiff did not make a success of it (meaning a success of such gin and cotton business). The plaintiff objected to this question on the ground that it was irrelevant and immaterial. This objection was sustained by the trial court. This ruling was error. The plaintiff was properly permitted to introduce evidence of insane delusions and mental incapacity in 1914, as bearing on the question of mental incapacity at the time the deed in question

was executed. If evidence of acts done which tended to show such mental incapacity in 1914 was admissible, it was certainly the right of defendant to show facts tending to prove the contrary.

We recommend that the judgments of the Court of Civil Appeals and the district court be reversed, and the cause remanded to the district court for a new trial.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.