**NORTHWESTERN NATIONAL CASUALTY COMPANY,** Appellant,

v.

**Sally SWANSON,** Appellee.

No. 14179.

Court of Appeals of Texas, Austin.

Oct. 24, 1984.

Michael Phillips, Houston, for appellant.

Gordon Gunter, Austin, for appellee.

Before SHANNON, KEITH [*] (Retired), and BRADY, JJ.

QUENTIN KEITH, Justice (Retired).

The defendant below has perfected a limited appeal from an adverse judgment rendered after a jury trial of a workers' compensation case. The basic contention of appellant, set out in six points of error, is that the evidence was legally and factually insufficient to support the jury finding that plaintiff's injury resulted in permanent partial incapacity. We do not find merit in the contentions advanced and affirm the judgment of the trial court for the reasons now to be stated.

Plaintiff was a licensed vocational nurse whose employer provided home nursing services for persons who needed such care in their homes. As such, she drove her own automobile to the homes of her patients and there rendered her services. Plaintiff testified that she injured herself while reaching into the backseat of her car to get a medical bag and a pair of scales she was going to use in treating and exam-

[*] Keith, retired, Justice, Ninth Court of Appeals, sitting by assignment. See Art. 1812, as amended.

ining her next patient. She said that the injury was to her right arm, extending into the shoulder and down her right side. An orthopedic surgeon diagnosed her injury as "adhesive capsulitis." She also received treatment from a licensed physical therapist, the only expert witness who testified at trial.

The defendant paid compensation and medical costs prior to the litigation but now contends that the finding of permanent partial incapacity was not established by the testimony before the jury. While we have the office records of the physician, he did not appear at the trial. His final report to the insurer noted a five per cent "residual physical impairment of the right shoulder" but said that she could return to her work activities "with the restrictions of no heavy lifting and would be restricted from her usual driving habits."

Contrary to these opinions, plaintiff testified that she was unable to do the usual tasks of her job which required her to lift and turn patients in their beds and to move them about as she bathed and dressed them. Her counsel has extracted from the record a number of ordinary daily tasks she said that she could not perform. We list these in the order and manner which they are presented to us in plaintiff's brief:

\* \* \* \* \* \*

9. Mrs. Swanson can't open a pickle jar.

10. She can't tie an apron in the back.

11. Or operate a zipper.

12. Or open or close a car door.

13. Mrs. Swanson can't get up in her son's pick-up truck.

14. She can't tie her shoes, most of the time.

15. Mrs. Swanson can't drive her car or any other standard shift car.

16. Mrs. Swanson can't run the vacuum cleaner.

17. She can't bring in a medium size bag of groceries.

18. Mrs. Swanson can't put up her hair or style her hair.

19. She can't reach any distance to do anything of any nature that would require any stress on the shoulder.

20. She couldn't turn over in bed from her right side or get off of her back or her right shoulder and raise herself with her right arm.

21. Mrs. Swanson was not able to drive her regular car.

22. She can't roll the passenger window up or down.

23. She can't get in and out of the car.

24. Mrs. Swanson can't reach up with her right arm to move the sun visor, up or down or across or whatever.

25. She can't get glasses down out of the kitchen cabinets.

26. Mrs. Swanson can't pick things up off the floor.

27. It takes both hands for her to open the refrigerator at home.

The long listing of household chores which plaintiff cannot accomplish serves to strengthen her contention that she is also unable to perform the usual tasks assigned to her job by her employer. In passing upon the contentions now advanced by the carrier, we will follow the usual rules laid down for our guidance, remembering always that the jury is the exclusive judge of the facts proved, the credibility of the witnesses, and the weight to be given their testimony. *Benoit v. Wilson*, 150 Tex. 273, 239 S.W.2d 792, 796 (1951). Likewise, we apply the rule enunciated in *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1952). It is axiomatic that the jury has the duty to consider all of the evidence presented to be probative and competent, and by its answers to the several special issues, it has found that the plaintiff's injuries resulted in her permanent incapacity. We find the evidence supporting such findings to be legally and factually sufficient to support the answers. Points one and two, urging "no evidence" points and points three, and four, urging great weight and preponderance of the evidence points are all overruled.

■ A troublesome incident in this case stems from the fact that during her recuperation from her injury, plaintiff learned that she was afflicted with incurable cancer. This fact was made known to the trial judge early in the trial, in discussing the motion in limine filed by one of the parties. At that time, the judge advised the lawyers that cancer had nothing to do with the suit, but was likely "to get into evidence" and that it was not to be considered by the jury for any purpose.

By point five appellant now contends that the trial court erred in overruling the motion for new trial because plaintiff brought the prejudicial subject of cancer into the case. The factual base for such a claim is rather tenuous being based upon a remark alleged to have been made by plaintiff's counsel, in his opening statement to the jury:

> I was surprised during Voir Dire examination by Mr. Phillips [defense counsel] when the subject came up about cancer. Until that time, I thought we were under the admonition not to speak of it and just try this on the facts of the shoulder injury ...

Defense counsel made no objection to the remark of counsel nor did he seek any relief at the time. Instead, he made his own opening statement, responding to the remark on cancer by telling the jury that it was plaintiff's counsel who had filed the motion in limine and he could not have been surprised that a mention of cancer had been made.

This statement set off a vehement colloquy between counsel, which was ended only by the intervention of the trial judge advising all parties, and the jury, that cancer had nothing to do with the lawsuit and was not to be considered by the jury for any purpose. Again, defendant remained silent and the first witness, the plaintiff, was called to the stand.

Now, in point five, defendant contends that the action of the court in overruling its motion for new trial which complained of the mention of cancer "was so prejudicial to appellant as to prevent appellant from receiving a fair trial."

While we have grave doubt that prejudicial error has been preserved in the court below, or is presented on appeal, we will consider the complaint as presented. One case, *Roberts v. Dallas Ry. & Terminal Co.*, 276 S.W.2d 575, 577–78 (Tex.Civ.App., El Paso, 1953, writ ref'd n.r.e.)., and Tex.R. Evid. 403 (Supp.1984), are the only authorities cited in support of the complaint. We do not find the cited case helpful to defendant's contention. The evidence there complained of was "hearsay and double hearsay" and comments upon plaintiff's habits and eccentricities, and the Court noted that such habits, etc., were not pertinent to the trial of the case.

The evidence of cancer was not prevalent—even appellant complains of only a few lines in the whole record. As for the evidentiary rule, it simply provides for the exclusion of evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." There was no evidence relating to cancer. Instead, one lawyer mentioned the word; and, in passing, we note that the true objection was never uttered in the trial court: "cancer" was not material or relevant in the case on trial. See Tex.R.Evid. 401. No objection was made by appellant and no error has been preserved. We do not find reversible error under Tex.R.Civ.P. 434 (Supp.1984).

Even if we were to agree with appellant's version of the facts, that it was plaintiff who injected "cancer" into the case, which we do not do, appellant is in no position to complain because the record reveals that appellant's counsel elicited similar objectionable testimony. *See National Life & Accident Ins. Co. v. Sanchez*, 281 S.W. 891 (Tex.Civ.App.1926, no writ).

Point five is overruled.

■ We turn now to the unique complaint numbered six:

> The trial court erred by refusing to limit the benefits recoverable by Sally Swan-

son to any which she could receive during her natural lifetime."

In its motion for new trial, appellant requested the trial court to "conform the judgment to limit the benefits recoverable by Sally Swanson to any which she would receive during her natural lifetime. It supports its position by arguing that

... it is an abuse of the Workers' Compensation Act to award three hundred (300) weeks of partial incapacity benefits to a woman who admits that she will not live beyond six (6) months. [Id.]

Finally, appellant argues that the trial court erred in not limiting plaintiff's benefits to those which were recoverable during her lifetime. It argues that since plaintiff and her witnesses testified that she had only about six months to live with her cancer, she was not entitled to recover 300 weeks of workers' compensation benefits for her injury.

None of the authorities cited support the contention advanced and we do not find merit therein. Instead, we overrule such point of error, relying upon *Travelers Insurance Company v. Bailey*, 383 S.W.2d 562 (Tex.1964).

Having reviewed the entire record and finding no reversible error, the judgment of the trial court is affirmed.